UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JOHN AND JANE DOE 6 <br> On their own behalf and as Next Friends <br> Of MINOR DOE 6, minor Plaintiff, <br><br> Plaintiffs, <br><br> vs. <br><br> ST. LOUIS CHARTER SCHOOL, <br> d/b/a PREMIER CHARTER SCHOOL, <br><br> Serve: James P. Bick, Jr. <br> 101 S. Hanley Rd Suite 1280 <br> St. Louis, MO  63105 <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Cause No: <br><br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW the Plaintiff, Minor Doe 6, by and through his next friends John and Jane Doe 6, and further by and through their attorney, Nicole Gorovsky of Gorovsky Law, LLC, and for their Complaint against Defendant, St. Louis Charter School, doing business as Premier Charter School, states as follows:

1. The minor Plaintiff, by and through his parents and next friends, brings this lawsuit to hold Defendant responsible for the injuries he suffered due to sexual abuse perpetrated upon him by a student at Premier Charter School and to protect others from the pain of childhood sexual abuse.

**JURISDICTION AND VENUE**

2. Jurisdiction lies under 28 U.S.C. §1331 and § 1343(a)(4) in as much as this Complaint presents a federal question.

1

3.Plaintiff brings this action in part pursuant to Title IX of the Education Amendments of 1972 (20 U.S.C. §1681) which is an act of Congress providing for protection of civil rights.

4.Venue in the Eastern District of Missouri is appropriate because the occurrences complained of took place in St. Louis, Missouri, 28 U.S.C. §1391.

5.On November 9, 2018, Plaintiff filed a charge against Defendant with the Missouri Commission on Human Rights ("MCHR") alleging sex discrimination, disability discrimination, and retaliation. On July 19, 2019, Plaintiff received a Right to Sue letter. This action is filed within 90 days of receipt of the foregoing notice. Plaintiff has complied fully with the administrative exhaustion requirements of the Missouri Human Rights Act.

6.Plaintiff invokes supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and decide Plaintiff's claims under Missouri state law.

## PARTIES

7.Plaintiff, Minor Doe 6 is a minor male who is fifteen years old. Minor Doe 6 has several medical diagnoses including Reactive Attachment Disorder, Generalized Anxiety, Attention Deficit Hyperactivity Disorder, and borderline intellectual functioning. Minor Doe 6 was sexually assaulted by another student at Defendant School from 2016 through 2018. At all times relevant, Minor Doe 6 was and is a resident of the State of Missouri. His parents and Next friends are also Missouri residents.

8.Defendant St. Louis Charter School does business as Premier Charter School ("Premier Charter School") and operates a school located at 5279 Flyer Avenue, St. Louis,

Missouri 63139. St. Louis Charter School ("Premier Charter School") is a charter school that is sponsored by the University of Missouri – St. Louis and was opened in 2000.

9. Defendant Premier Charter School is an educational institution as defined by 20 U.S.C.A. § 1681(c), Title IX, Education Amendments of 1972 (hereinafter "Title IX") which receives federal financial assistance.

## FACTS APPLICABLE TO ALL COUNTS

10. Minor Doe 6 was born in 2004. Minor Doe 6 was in various foster care placements until he was placed in foster care with the Does in 2014. Jane and John Doe 6 adopted Minor Doe 6 on May 29, 2015 when Minor Doe 6 was eleven years old.

11. The Does enrolled Minor Doe 6 in Defendant School beginning in October 2014. He began there as a fourth grader.

12. Based on his diagnoses of Reactive Attachment Disorder, Generalized Anxiety, Attention Deficit Hyperactivity Disorder, and borderline intellectual functioning, Minor Doe 6 has had an Individualized Education Plan ("IEP") throughout his time at Defendant School. The IEP includes coverage for "emotional disturbance."

13. Minor Doe 6 had emotional difficulty transitioning to Defendant school. Additionally, his disabilities often presented as having a childish demeanor and behaviors that are younger than his chronological age. He was reported, even at age thirteen, to be interpersonally immature, a people pleaser who loves to play with stuffed animals and had limited social awareness. He was reported to have diminished awareness of others, difficulty making friends, and difficulty understanding what is not explicitly stated.

14. Minor Doe 6 did not have any noted behavioral problems at school and was

3

described as a "sweet child." In total, Minor Doe 6's disabilities made him especially vulnerable to bullying and exploitation by other children and adults.

15. Minor Doe 6's medical diagnoses revealed him to be specifically vulnerable in social situations as he was disinhibited, and incapable of recognizing potentially dangerous social cues.

16. Premier Charter School was aware of these diagnoses and vulnerabilities at the time Minor Doe 6 attended the school.

17. In early 2015, Jane Doe 6 told the school that Minor Doe 6 had been the victim of peer on peer childhood sexual abuse in a prior foster home placement. Jane Doe 6 reported this information to Defendant School personnel and re-emphasized his extreme vulnerability – this time specifically informing the school that the vulnerability related to the potential for sexual manipulation. Jane Doe 6 sought confirmation from Defendant School that personnel would be vigilant with regard to supervising Minor Doe 6 and those around him, specifically in regard to this vulnerability.

18. Despite the notice of vulnerability, on May 4, 2018, Minor Doe 6 was sexually assaulted in a bathroom at Defendant school. The minor Doe 6 had to leave his physical education class to use the bathroom and he was sent there unattended. Another student also went to the bathroom unattended and forced Minor Doe 6 into doing several sex acts. According to Minor Doe 6, the aggressive student told him to pull his pants down and then he manually manipulated Minor Doe 6's penis. The aggressive student further forced Minor Doe 6 to perform oral sex and anal sex. Minor Doe 6 reported that he felt he had no choice but to comply.

19. Defendant School notified Jane Doe 6 that day that Minor Doe 6 had been

sexually assaulted at school. Defendant Premier Charter School told the Doe 6 parents, without completing an investigation, that it was a one-time event.

20. Based on assurances from Defendant Premier Charter School that it was a one-time incident and based on assurances from Defendant School that they would properly supervise the children and keep Minor Doe 6 safe, Doe 6 Parents allowed Minor Doe 6 to continue to attend Defendant School.

21. However, Minor Doe 6 eventually revealed to outside investigators that the perpetrator student had been engaging in sexual contact with him regularly for over two years from sixth grade through eighth grade.

22. Upon information and belief, Defendant School knew the student who had repeated sexual contact with Minor Doe 6 was sexually aggressive and further knew that Minor Doe 6 was vulnerable.

23. Defendant School was deliberately indifferent to Minor Doe 6's prior sexual abuse and vulnerabilities and was deliberately indifferent to the aggressor student's creation of the hostile environment for Minor Doe 6.

24. Additionally, following the incidents, students at the school started to bully Minor Doe 6 based on the abuse and called him "gay." This was direct retaliation for the sexual assault and clear discrimination on the basis of gender following the sexual assault and Defendant School did nothing to prevent the behavior.

25. Defendant did not prevent the hostile environment, work to eliminate the hostile environment, and did not provide accommodations to Minor Doe 6 in order to allow him to access his education following the sexual assault and did not prevent retaliation.

26. Title IX provides that schools have a special duty to ensure a student's educational opportunities are not hindered by the threat of unwelcome sexual encounters.

27. Compared to their peers, students with disabilities run a higher risk of being a target of peer sexual harassment. This is because individuals with disabilities are perceived - however accurately or inaccurately – as weak and passive. Sexual abuse is an abuse of that perceived power differential in order to exploit sexually. Additionally, those with disabilities, like Minor Doe 6's, due to stigmatization, have an intense desire to fit in and befriend other children. This leaves them vulnerable to coercion to perform sexual acts that they believe or are told to believe will lead to acceptance and friendship.

28. Minor Doe 6's particular disabilities gave him an even higher risk of being a target of peer sexual harassment and Defendant School was aware of this.

29. Defendant school knowingly and intentionally disregarded this risk and Minor Doe 6 was subjected to severe, repeated sexual assaults by a peer.  This sexual harassment was so severe, pervasive and objectively offensive that it deprived plaintiff of access to the educational opportunities or benefits provided by the school.

30. Defendant School had actual knowledge of the sexual harassment. The school knew that students bullied Plaintiff, they knew that the bullying could be sexual in nature, and they knew when Plaintiff was sexually assaulted by a peer.

31. Defendant school was deliberately indifferent to the harassment in that they took no steps to prevent it from occurring, stop it from recurring, or prevent retaliation after it occurred.

32. Minor Doe 6 endured a hostile educational environment for over two years of his education and Defendant School failed to eliminate the harassment even after having actual knowledge of it.

33. In addition, the standard requiring that Defendant School provide reasonable action in response to sexual harassment is viewed in light of the known circumstances and that includes, in this case, the known circumstances that Plaintiff suffered from disabilities that made him particularly vulnerable to sexual harassment.

**COUNT I**
**VIOLATION OF TITLE IX**
**Against Defendant School**
**(20 U.S.C. § 1681, et seq.)**
**(Deliberate Indifference to Sexual Harassment and Hostile Environment)**

34. All paragraphs above are incorporated herein by reference.

35. The sex-based harassment articulated above was so severe, pervasive, and objectively offensive that it deprived Minor Doe 6 of access to educational opportunities or benefits provided by the Defendant School.

36. The Defendant School created and/or subjected Minor Doe 6 to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because a) minor Plaintiff was a member of a protected class; b) he was subjected to sexual harassment in the form of repeated sexual assaults by another student; c) he was subjected to harassment based on his sex; and d) he was subjected to a hostile educational environment created by the Defendant's lack of policies and procedures, failure to follow policies and procedures, and failure to properly investigate and/or address the sexual assault and subsequent harassment.

7

37. Defendant School and its officials had actual knowledge of the sexual assault and the resulting harassment of Minor Doe 6 created by its failure to supervise minor Plaintiff and his attacker in a timely manner and consistent with its own policy and federal and state law.

38. The Defendant School's failure to promptly and appropriately respond to the alleged sexual harassment, resulted in Minor Doe 6, on the basis of his sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the School's education program in violation of Title IX.

39. Defendant School failed to take immediate, effective remedial steps to resolve the sexual harassment and instead acted with deliberate indifference toward minor Plaintiff.

40. Defendant School persisted in its actions and inaction even after it had actual knowledge of the harm suffered by minor Plaintiff.

41. Defendant School engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually assaulted from seeking prosecution and protection and from seeking to have sexual assaults be fully investigated.

42. This policy and/or practice constituted disparate treatment of male sexual assault victims and had a disparate impact on male students. Defendant School's disparate treatment of male students and clear gender discrimination is evident in its:

    a.    failure to properly train employees regarding requirements of Title IX;

    b.    failure to have proper policies in place to in compliance with Title IX;

    d.     failure to train employees regarding its own policies;

    e.    by displaying gender discriminatory attitudes and methods throughout the investigation and accommodation process;

 f. by repeating gender stereotypes;

 g. by failing to prevent or correct retaliatory actions;

 i. by demonstrating actions that punished minor Plaintiff for his presumed gender non-conformance;

 j. for failing to take the risk of sexual assault against vulnerable males as seriously as the risk against females.

43. Defendant was further deliberately indifferent to the acts of student on student harassment in that it:

 a. failed to provide accommodations or safety measures before, during, and following the harassment;

 b. failed to follow medically recommended safety measures with regard to student safety regarding potential harassment;

 c. failed to prevent retaliation by the students and/or provide any consequences for such retaliation;

 d. failed to properly train employees regarding responsibilities of Title IX;

 e. failed to enforce their own policies with regard to Title IX compliance;

 f. failed to show concern or improvement following prior violation of Title IX and actual notice;

 g. failed to ensure proper investigations;

 h. allowed blatant and overt gender bias by Defendant School employees without correction or consequence;

  i.  by the totality of all of the ignorance, lack of training, gender discrimination, failure to comply with laws and policies and general decency with regard to peer on peer sexual harassment on campus.

44. Minor Doe 6 has suffered emotional distress and psychological damage, and his character and standing in his community have suffered from the harassment fostered as a direct and proximate result of Defendant School's deliberate indifference to his rights under Title IX.

**COUNT II
VIOLATION OF TITLE IX
Against Defendant School
(20 U.S.C. § 1681, et seq.)
(Failure to accommodate and/or eliminate hostile environment and/or prevent retaliation as required by Title IX)**

45. All paragraphs above are incorporated herein by reference.

46. Defendant School retaliated against Plaintiff in the following ways:

  a.  by attempting to discourage Plaintiff from filing a formal complaint;

  b.  by telling Plaintiff's parents to keep the harassment and assault "quiet;"

  c.  by failing to offer "accommodations";

  e.  by allowing other students to ridicule minor Plaintiff for the events of the sexual assault;

47. Because of Defendant's actions and/or inactions, minor Plaintiff's peers were able to intimidate him, create a hostile educational environment, and retaliate against him.

48. Minor Doe 6 has suffered emotional distress and psychological damage, and his character and standing in his community have suffered from the harassment fostered as a direct and proximate result of Defendant School's deliberate indifference to his rights under Title IX.

**COUNT III**
**VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**
(R.S.Mo. §213.010, *et. seq.*)
Against Defendant School

49. All paragraphs above are incorporated herein by reference.

50. Minor Plaintiff is a person within the meaning of R.S.Mo. §213.010(15).

51. Further, Minor Doe 6 is a person with disabilities within the meaning of R.S.Mo. §213.010(5). Minor Plaintiff's diagnoses, described above, affect his ability to process information, think, learn, and concentrate.

52. Defendant School is a place of public accommodation within the meaning of R.S.Mo. §213.010(16).

53. As described above, Defendant discriminated against the minor Plaintiff when it failed to intervene and protect the minor Plaintiff from sexual harassment and discrimination. By doing so, minor Plaintiff was denied the advantages, facilities, services, and privileges made available by Defendant to other students, in violation of R.S.Mo. §213.065.

54. As described above, Defendant discriminated against Minor Doe 6 when it failed to intervene and protect him from discrimination and bullying based on his disability, and by failing to provide accommodations to him. By doing so, minor Plaintiff was denied the advantages, facilities, services, and privileges made available by Defendant to other students, in violation of R.S.Mo. §213.065.

55. Because of Defendant's inactions, minor Plaintiff's peers were able to intimidate him and create a hostile educational environment, preventing him from obtaining meaningful educational opportunities.

56. As a result of Defendant's conduct, minor Plaintiff has suffered and continues to suffer emotional distress and psychological damage.

57.     Pursuant to R.S.Mo. §213.111(2), Plaintiffs seek actual damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages against Defendant School, and attorney's fees and costs.

## JURY DEMAND

Plaintiffs, by and through their attorneys, Gorovsky Law, LLC demand a trial by jury.

Respectfully submitted,

*/s/ Nicole E. Gorovsky*
Nicole Gorovsky, MO Bar #51046
GOROVSKY LAW, LLC
222 S. Meramec Avenue, Suite 202
St. Louis, Missouri 63105
Phone: (314) 272-3255
Fax:    (314) 787-6101
Nicole@Gorovskylaw.com

**ATTORNEY FOR PLAINTIFFS**