UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHN AND JANE DOE 6 <br> On their own behalf as Next Friends <br> Of MINOR DOE 6, minor Plaintiff <br><br> Plaintiffs, <br><br> v. <br><br> SAINT LOUIS CHARTER SCHOOL, <br> d/b/a PREMIER CHARTER SCHOOL <br><br><br> Defendant. | Cause No. 4:19-cv-02780-NAB |

## ANSWER

COMES NOW Defendant Premier Charter School ("PCS") by and through their attorneys TUETH KEENEY COOPER MOHAN & JACKSTADT, P.C., and for their Answer to Plaintiffs' Complaint state:

1.	Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and those allegations are accordingly denied.

## JURISDICTION AND VENUE

2.	Defendant states that the allegations in Paragraph 2 are legal conclusions to which no response is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 2.

3.	Defendant admits that Plaintiffs purport to bring this action in part under Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681).  Defendant denies Plaintiffs have stated a claim under Title IX. The remainder of the allegations in Paragraph 3 are legal conclusions to which no response is required.  To the extent that an answer is required, Defendant denies the remaining allegations in Paragraph 3.

4. Defendant admits that Plaintiffs purport to allege occurrences that occurred in St. Louis, Missouri. Except as so expressly admitted, the Defendant states that the remaining allegations in Paragraph 4 are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 4.

5. Defendant admits only so much of Paragraph 5 as alleges that Plaintiff filed a charge against Defendant with the Missouri Commission on Human Rights. Defendant further states that the charge of discrimination and notice of right to sue speak for themselves. Defendant is without knowledge or information sufficient to form a belief regarding the truth of all other remaining allegations in Paragraph 5, and those allegations are accordingly denied.

6. Defendant states that the allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 6.

## PARTIES

7. Defendant denies the allegation that Minor Doe 6 was sexually assaulted at PCS from 2016 through 2018. Defendants are without information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 7, and those allegations are accordingly denied.

8. Defendant admits the allegations set forth in Paragraph 8.

9. Defendant admits that it receives federal financial assistance. The remaining allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent

that an answer is required, and except as expressly admitted, Defendant denies the allegations in Paragraph 6.

## FACTS APPLICABLE TO ALL COUNTS

10. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and those allegations are accordingly denied.

11. Defendant admits that Minor Doe 6 was enrolled at PCS as a fourth-grade student in or around October 2014.  Except as so expressly admitted, Defendant denies the allegations in paragraph 11.

12. Defendant admits that Minor Doe 6 had an Individualized Education Plan (IEP) during his enrollment at PCS. Except as so expressly admitted, Defendant denies the allegations in paragraph 12.

13. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and those allegations are accordingly denied.

14. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and those allegations are accordingly denied.

15. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and those allegations are accordingly denied.

16. Defendant admits that it was aware that Minor Doe 6 had diagnosed medical conditions.  Except as so expressly admitted, Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant admits that Minor Doe 6 continued enrollment at PCS after May 4, 2018.  Except as so expressly admitted, Defendant denies the allegations in paragraph 20.

21. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and those allegations are accordingly denied.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant states that the allegations in Paragraph 26 are legal conclusions to which no response is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 26.

27. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and those allegations are accordingly denied.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant states that the allegations in Paragraph 33 are legal conclusions to which no response is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 33.

## COUNT I
## VIOLATION OF TITLE IX
**Against Defendant School**
**(20 U.S.C. § 1681, et seq.)**
**(Deliberate Indifference to Sexual Harassment)**

34. Defendant incorporates by reference responses to Paragraphs 1 through 33 as if fully set forth herein.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42, including the allegations in subparagraphs (a) through (j).

43. Defendant denies the allegations in Paragraph 43, including the allegations in subparagraphs (a) through (i).

44. Defendant denies the allegations in Paragraph 44.

## COUNT II
## VIOLATION OF TITLE IX
**Against Defendant School**
**(20 U.S.C. § 1681, et seq.)**
**(Failure to Accommodate and/or Eliminate Hostile Environment and/or Prevent Retaliation as Required by Title IX)**

45. Defendant incorporates by reference responses to Paragraphs 1 through 44 as if fully set forth herein.

46. Defendant denies the allegations in Paragraph 46, including the allegations in subparagraphs (a) through (e).

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

## COUNT III
## VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
### Against Defendant School
### (R.S.Mo § 213.010, et seq.)

49. Defendant incorporates by reference responses to Paragraphs 1 through 48 as if fully set forth herein.

50. Defendant states that the allegation in Paragraph 50 is a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 50.

51. Defendant states that the allegations in Paragraph 51 are legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 51.

52. Defendant states that the allegations in Paragraph 52 are legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

**AFFIRMATIVE DEFENSES APPLICABLE TO ALL COUNTS AND CLAIMS**

By way of further answer, and as affirmative defenses, Defendant responds to the Complaint as follows:

1. Defendant denies each and every allegation of fact and/or conclusion of law that is not expressly and specifically admitted herein.

2. The Complaint fails to state a claim upon which relief may be granted.

3. To the extent Plaintiffs' claims differ from or exceed the scope of Plaintiffs' charge of discrimination filed with the Missouri Commission on Human Rights, they fail to state a claim upon which relief may be grated and the Court lacks jurisdiction over such claims.

4. Some or all of Plaintiffs' claims may be barred due to their failure to exhaust administrative remedies.

5. Defendant at all relevant times, acted in good faith and with the belief that it was conducting itself in a manner that did not violate established principles of law of which it was aware or should have been aware.

6. Plaintiff Minor Doe 6's sex or disability was not the but for cause, motivating factor, or contributing factor in any actions or inactions made by Defendant.

7. Plaintiffs' claims are barred in that the Defendant's actions or inactions were not the cause of Plaintiffs' alleged damages.

8. Defendant's conduct was not outrageous, intentional, willful, or motivated by evil or reckless indifference or conscious disregard for Plaintiffs' rights, such as would justify an award of punitive damages against Defendant.

9. Plaintiffs' claims for punitive damages violate the due process, equal protection, and excessive fines provisions of United States and Missouri Constitutions.

10. Plaintiffs' claims for punitive damages, are barred or, alternatively, must be reduced to the extent they seek amounts in access of those permitted under R.S.Mo § 510.265 and/or R.S.Mo § 213.111.4.

11. Some or all of Plaintiffs' claims are barred because Plaintiff has failed to plead claims with sufficient particularity.

12. Plaintiffs have failed to mitigate damages, and for that reason, Plaintiffs may not recover from Defendant and/or any recovery by Plaintiffs must be reduced to the extent Plaintiffs failed to mitigate damages.

Defendant reserves the right to supplement its Affirmative Defenses as discovery progresses.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant requests that the Court dismiss Plaintiffs' Complaint with prejudice, that it be awarded its costs incurred herein, and that the Court order such other and further relief as the Court deems just and proper.

                TUETH KEENEY COOPER
                MOHAN & JACKSTADT, P.C.

                s/ Aigner S. Carr
                Margaret A. Hesse MO Bar #43059
                Michelle H. Basi MO Bar #54943
                Aigner S. Carr, MO Bar #69994
                34 Meramec Avenue, Suite 600
                St. Louis, MO 63105
                Tel: (314) 880-3600
                Fax: (314) 880-3601
                mhesse@tuethkeeney.com
                mbasi@tuethkeeney.com
                acarr@tuethkeeney.com

*Attorneys for Defendant, St. Louis Charter School d/b/a Premier Charter School*

**CERTIFICATE OF SERVICE**

   I hereby certify that on November 7, 2019, the foregoing document was filed with the Clerk of Court using the court's electronic system, which will send notification of such filings(s) to the following attorneys of record:

Nicole E. Gorovsky
GOROVSKY LAW, LLC
222 S. Meramec Ave. Suite 202
St. Louis, MO 63105
Phone: (314) 272-3255
Fax: (314) 787-6101
Nicole@Gorovskylaw.com

Sarah Jane Hunt
Mary Anne Quill
KENNEDY HUNT, PC
906 Olive St., Suite 200
St. Louis, MO 63101
Phone: (314) 872-9041
Fax: (314) 872-9043
sarahjane@tkennedylaw.com
mquill@tkennedylaw.com

*Attorneys for Plaintiffs*

                   s/ Aigner S. Carr