UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN AND JANE DOE 6, on their own behalf and as Next friends of Minor Doe 6, et al., ) ) ) ) Plaintiffs, ) ) v. ) ) ST. LOUIS CHARTER SCHOOL, ) ) Defendant. ) | No. 4:19-CV-2780 NAB |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs John Doe 6, Jane Doe 6, and Minor Doe 6's Motion and Memorandum in Support of Pursuing this Action under Pseudonym. [Doc. 2.]

Plaintiffs filed this action against Defendant St. Louis Charter School alleging two federal law claims of deliberate indifference to sexual harassment and hostile environment and failure to accommodate and/or eliminate hostile environment in violation of Title IX, 20 U.S.C. § 1681, because Minor Plaintiff was sexually assaulted at school. Plaintiffs also allege that Defendant discriminated against minor Plaintiff by failing to intervene and protect him from sexual harassment and discrimination in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.000. Plaintiffs would like to proceed with this action using pseudonyms due to the fact that this case involves the sexual assault of a minor child. They request to remain anonymous to avoid public ridicule, humiliation, and re-victimization.

Federal Rule of Civil Procedure 10(a) generally requires parties to a lawsuit to identify themselves in their respective pleadings. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)). The public has a First Amendment right to access judicial proceedings, and that right

includes the identity of the parties to litigation. *Chambliss v. Liberty Life Assur. Co. of Boston*, No. 13-1685 JRT, 2013 WL 5676486 at *2 (D. Minn. Oct. 18, 2013) (citing *Luckett v. Beaudet*, 21 F. Supp.2d 1029 (D. Minn. 1998)). Indeed, when a plaintiff commences an action in federal court, he "invites public scrutiny of the dispute and the proceeding." *Id*.

The decision to allow pseudonyms is within a court's discretion. *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999). Neither the Eighth Circuit nor the Supreme Court has addressed the issue of when a pseudonym may be used; however, many federal courts of appeal and numerous district courts have reached this issue. *Doe v. Haynes*, No. 4:18-CV-1930 HEA, 2019 WL 2450813 at *2-4 (E.D. Mo. June 12, 2019); *Roe v. St. Louis University*, No. 4:08-CV-1474-JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) (citing cases); *Doe H.M. v. St. Louis County*, No. 4:07-CV-2116 (CEJ), 2008 WL 151629 (E.D. Mo. Jan. 14, 2008). These courts have held that a totality-of-the-circumstances balancing test must be used when deciding whether a party can sue under a pseudonym; in other words, the court must ascertain whether the plaintiff "has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (quoting *Frank*, 951 F.2d at 323 (internal quotations and citation omitted)). The courts have identified several factors common to cases in which a plaintiff has been permitted to proceed under a fictitious name, including (1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading. *Id*. (quoting *Doe H.M.*, 2008 WL 151629 at *1) (citing *Frank*, 951 F.2d at 323). *See also Chambliss*, 2013 WL 5676486 at *2.

In this case, the allegations of the Complaint include the fact that Minor Doe 6 is a victim of sexual assault. The Court notes that Federal Rule of Civil Procedure 5.2 and Local Rule 2.17 already require the use of initials when referring to parties that are minors. It is understandable that a minor victim of sexual assault does not want to be publicly identified either directly or indirectly through his parents. Therefore, the Court concludes the interest in preserving Plaintiffs' privacy through the use of pseudonyms outweighs the public interest in ascertaining true identities, and so Plaintiffs will be allowed to proceed under pseudonyms in this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs John Doe 6, Jane Doe 6, and Minor Doe 6's Motion and Memorandum in Support of Pursuing this Action under Pseudonym is **GRANTED**. [Doc. 2.]

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of November, 2019.