**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE 6, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-2780 NAB |
| | ) | |
| ST. LOUIS CHARTER SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER[1]**

This matter is before the Court on the parties' Joint Motion for Approval of Confidential Minor's Settlement [Doc. 31], Joint Motion to Close Confidential Settlement Agreement [Doc. 37], and Plaintiff Jane Doe 6's Motion for Appointment of Next Friend [Doc. 38]. The Court held a hearing on these motions on July 8, 2020.

I. **Background**

Plaintiffs John Doe 6 and Jane Doe 6, the parents of Plaintiff Minor Doe 6, filed this action against Defendant St. Louis Charter School alleging two federal law claims of deliberate indifference to sexual harassment and hostile environment and failure to accommodate and/or eliminate hostile environment in violation of Title IX, 20 U.S.C. § 1681, because Plaintiff Minor Doe 6 was sexually assaulted at school.[2] Plaintiffs also alleged that Defendant discriminated against Plaintiff Minor Doe 6 by failing to intervene and protect him from sexual harassment and discrimination in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.065. Defendant St. Louis Charter School is a public charter school. Its activities and documents are

---

[1] The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c)(1). [Doc. 14.]
[2] The Court granted Plaintiffs leave to pursue this action using pseudonyms. [Doc. 13.]

subject to public disclosure under Missouri law.  The parties settled this action in mediation on May 27, 2020.  [Doc. 29.]

## II.     Discussion

The parties seek the Court's appointment of Plaintiff Jane Doe 6 as the Next Friend of Plaintiff Minor Doe 6, approval of the minor settlement, and a court order closing the confidential settlement from public disclosure pursuant to Mo. Rev. Stat. § 610.021(1).

### A.     Hearing Testimony

The Court heard testimony from Jane Doe 6.  In her testimony, she testified about her relationship with Minor Doe 6.  She also testified regarding her knowledge and understanding of the utilization of the special needs trust and the consequences of settling this claim on Minor Doe 6's behalf.  Jane Doe 6 testified that she believed that it was a fair mediation and in her son's best interest.

### B.     Motion for Appointment of Next Friend [Doc. 38]

Plaintiff Jane Doe 6 seeks leave to be appointed Next Friend of Plaintiff Minor Doe 6. Under federal law, a "minor or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c).  A minor cannot prosecute, or defend an action without a duly-appointed representative.  *Y.W. By and Through Smith v. National Super Markets, Inc.*, 876 S.W.2d 785, 788 (Mo. Ct. App. 1994).  "[T]he presence of a duly appointed representative is necessary when a minor is engaged in settlement discussions to ensure that a settlement is in the best interest of the child." *Id.* at 789.  "[The] statutes [governing minor settlements] reflect a legislative intent to maximize the protection afforded minors." *Y.W.*, 876 S.W.2d at 788.  "Even a child's parent must be judicially-appointed

to serve as the minor's representative. *Elmore v. Mansfield*, No. 3:11-CV-5088 DGK, 2013 WL 2666167 at *1 (W.D. Mo. June 12, 2013) (citing *Y.W.,* 876 S.W.2d at 788).

In this case, Minor Doe 6 is a fifteen year old minor who is unable to sue or be sued in his own right.  Jane Doe 6 consents to serve as Minor Doe 6's duly appointed representative in this action.  Defendant does not oppose this motion.  Therefore the Court will grant Jane Doe 6's Motion for Appointment as Next Friend to Plaintiff Minor Doe 6.

**C.     Joint Motion for Approval of Confidential Minor's Settlement [Doc. 31]**

The requirements for the settlement of a minor's claims are contained in Mo. Rev. Stat. § 507.184.  *Y.W.*, 876 S.W.2d at 787.  The purpose of the statute is "to maximize the protection afforded a minor's legal action and [ensure] that any settlement is in the best interest of the child." *Fiegener v. Freeman–Oak Hill Health Sys.,* 996 S.W.2d 767, 774 (Mo.Ct.App.1999).  In reviewing a proposed settlement, the court must keep in mind that minors are considered wards of the court and their rights must be "jealously guarded as provided by statute."  *Y.W.*, 876 S.W.2d at 788.

When an action has been filed on behalf of a minor, the minor's next friend, guardian ad litem, guardian, or conservator (hereinafter "representative") may contract to settle the minor's claim upon court approval.  Mo. Rev. Stat. § 507.184(2).  The settlement is not effective until approved by the court.  Mo. Rev. Stat. § 507.184(2).  The representative also has the power and authority to execute and sign a release or satisfaction and discharge of judgment, which is binding upon the minor, provided that the court orders the execution of such release and satisfaction and discharge and judgment.  Mo. Rev. Stat. § 507.184(3).

The court has the authority to (1) hear evidence and either approve or disapprove the proposed contract to settle an action on behalf of the minor; (2) authorize and order the minor's representative to execute and sign a release or satisfaction and discharge of judgment; (3) approve

a fee contract between the representative and an attorney and order the representative to pay attorney's fees and expenses, which have been reasonably incurred in the preparation and prosecution of the action including the cost of any required bonds.  Mo. Rev. Stat. § 507.184(3).

If the amount of the settlement exceeds $10,000.00, after paying attorney's fees and expenses, the court shall order the minor's representative to pay or transfer such money or property to a duly appointed and qualified conservator of the minor.  Mo. Rev. Stat. § 507.188(2).  Upon the payment or transfer, the representative shall file with the court a receipt from the conservator to whom payment or transfer was made, "evidencing such payment, with a certified copy of [the] conservator's letters attached to [the] receipt."  *Id.*  After the receipt has been authenticated by the court, the court shall order the minor's representative discharged and released from all duties and obligations and the bond.  *Id.*

In this case, Plaintiff Jane Doe 6 is the *next friend* representing Plaintiff Minor Doe 6.  A special needs trust will be established in a separate order.  Plaintiff Jane Doe 6, the *next friend*, offered testimony in support of the approval of this settlement on Minor Doe 6's behalf.

Based on the foregoing, the Court believes that this settlement is reasonable and in the best interests of Minor Doe 6 and will approve the settlement of his action in the amount of $275,000.00.  The Court finds the apportionment to Plaintiff Minor Doe 6 in the amount of $156,379.46, law firm Gorovsky Law LLC in the amount of $71,818.04, law firm Kennedy Hunt, P.C. in the amount of $41,802.50, and Martha C. Brown and Associates in the amount of $5,000.00 is reasonable.  Because the Next Friend will not receive possession or control of the amounts of the settlement, the Court will not require her to post a bond.  After such payment or transfer, Jane Doe 6 must file with the court a receipt from the Trustee to whom such payment was made or transferred evidencing such payment.  After such receipt has been filed and accepted by the court

as authentic, then the court shall order the *next friend* discharged and released from all of her duties and obligations.

**D.      Joint Motion to Close Confidential Settlement Agreement [Doc. 37]**

Finally, the parties filed a Motion to Close Confidential Settlement Agreement pursuant to Mo. Rev. Stat § 610.021(1), which provides as follows:

> Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following: (1) Legal actions, causes of action or litigation involving a public governmental body and any confidential or privileged communications between a public governmental body or its representatives and its attorneys.  However, any minutes, vote or settlement agreement relating to legal actions, causes of action or litigation involving a public governmental body or any agent or entity representing its interests or acting on its behalf or with its authority, including any insurance company acting on behalf of a public government body as its insured, shall be made public upon final disposition of the matter voted upon or upon the signing by the parties of the settlement agreement, unless, prior to final disposition, the settlement agreement is ordered closed by a court after a written finding that the adverse impact to a plaintiff or plaintiffs to the action clearly outweighs the public policy considerations of section 610.011, however, the amount of any moneys paid by, or on behalf of, the public governmental body shall be disclosed; ….

Section 610.011 states that § 610.021 should be "liberally construed" and any exceptions "strictly construed to promote this public policy."  Mo. Rev. Stat § 610.021(1).

In their motion, the parties state that the settlement agreement should be ordered closed, because the "specific nature of the facts and allegations remain easily attributable to Minor Doe 6, particularly in light of the fact that the Settlement Agreement uses Minor Doe's legal name, and includes a specific reference to the case number and this Court …."  The parties state that

these factors would allow a third party to identify Minor Doe 6 and the nature of the allegations made in this case.

The federal courts recognize a common law right of access to judicial records in civil proceedings. *See IDT Corp. v. eBa*y, 709 F.3d 1220, 1222 (8th Cir. 2013). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223. "The trial court is to balance the public's interest in access against the interest in protecting minors from the public dissemination of hurtful information." *Boyce v. Moberly Public Sch. Dist.*, No. 2:06-CV-44 ERW, 2007 WL 1378427 at *1 (E.D. Mo. May 7, 2007). Our court has granted a party's request to seal records previously closed by the state pursuant to Mo. Rev. Stat § 610.021. *See Boyce*, 2007 WL 1378427 at *1-2 (court allows sealing of administrative hearing transcript previously closed by state agency pursuant to § 610.021).

Based on the parties' pleadings and the testimony today, the Court will deny the motion to close the confidential settlement agreement and order that redacted copies be made available upon request under Missouri's Sunshine Law. The Settlement Agreement before the Court involves highly sensitive information regarding a former student (Plaintiff Minor Doe 6) who was a minor at the time of the events at issue, that if made public, would have an adverse impact on Minor Doe 6. The Court finds that, despite the use of pseudonyms in the legal file, the specific nature of the facts and allegations remain easily attributable to Minor Doe, particularly in light of the fact that the Settlement Agreement uses Minor Doe's legal name, and includes a specific reference to the case number and this Court which would allow a third party to identify Minor Doe and the nature

of the allegations made in this case.  In the interest of preventing any detrimental impact on Minor Doe 6, the Court orders that, upon receiving a request under the Missouri Sunshine Law, the Settlement Agreement in this matter should be made available by Defendant after redaction of all identifying information of the parties, including the case name and number.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jane Doe 6's Motion for Appointment of Next Friend is **GRANTED**.  [Doc. 38]

**IT IS FURTHER ORDERED** that the parties' Joint Motion for Approval of Confidential Minor's Settlement is **GRANTED**.  [Doc. 31]

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Close Confidential Settlement Agreement is **DENIED**.  Upon receiving a request under the Missouri Sunshine Law, Defendant shall make available the Settlement Agreement after redaction of all identifying information of the parties, including the case name and number.  [Doc. 37]

**IT IS FURTHER ORDERED** that the parties' Joint Motion for Leave to File "Exhibit A" to Memorandum in Support of Motion for Approval of Settlement Agreement Under Seal is **GRANTED** pursuant to E.D.Mo. L.R. 13.05.  [Doc. 35.]

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendants' Affirmative Defenses and Memorandum in Support is **DENIED as moot**.  [Doc. 21.]

_____

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of July, 2020.